

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

CLEAR SKY CAR WASH, LLC,
et al.,

     Plaintiffs,

v.                             Civil Action No. 2:12cv194

CITY OF CHESAPEAKE,
VIRGINIA, et al.,

     Defendants.


## OPINION AND ORDER

This matter is before the Court on Plaintiffs Clear Sky Car Wash LLC ("Clear Sky"), Clear Sky Car Wash Operating LLC ("Clear Sky Operating"), Samuel Jacknin ("Jacknin"), and Charles Einsmann's ("Einsmann") (collectively "Plaintiffs") Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b) and alternative Motion to Amend pursuant to Federal Rule of Civil Procedure 15, filed on January 16, 2013. ECF No. 51. In such motions, Plaintiffs ask this Court to reverse its prior ruling dismissing the case with prejudice and, if deemed necessary, to grant Plaintiffs leave to amend their Complaint. For the reasons set forth below Plaintiffs' Motion for Reconsideration and alternative Motion to Amend are **DENIED**.

1

## I. Factual History[1]

The instant dispute arises out of a Defendant Virginia Department of Transportation ("VDOT") project to widen United States Route 17/Dominion Boulevard and to replace the Steel Bridge over the Southern Branch of the Elizabeth River ("Project"). This Project has been managed under contract by Defendant City of Chesapeake, Virginia ("City") and its employees, including Right of Way Manager, Defendant Carole Gillespie ("Gillespie"), and a Maryland corporation retained by the City, Defendant Greenhoren & O'Mara Incorporated ("Greenhorne") and its employees, Defendants Thomas Copeland ("Copeland"), Evelyn Jones, and Daniel Jones.[2]

Plaintiffs have owned and operated a car wash business at 920 Great Bridge Boulevard in Chesapeake, Virginia since 2008. Plaintiff Clear Sky owns the land, car wash equipment, and all other aspects of this business. On February 17, 2009, Defendant City received approval of the Project's major design features from Defendant VDOT. Such design features contemplated the fee

---

[1] The facts recited here are drawn from Plaintiffs' Complaint and are assumed true for the purpose of deciding the motions currently before the Court. They are not to be considered factual findings for any purpose other than consideration of the pending motions. A more detailed factual history may be found in this Court's Opinion and Order dismissing the instant action, entered on December 18, 2012 ("Dismissal Order"). See ECF No. 47.

[2] Defendant City retained Defendant Greenhorne to perform right of way acquisition and related services for the Project.

simple use of land belonging to private individuals and businesses, including all of Plaintiff Clear Sky's land at 920 Great Bridge Boulevard ("Land"). Defendant City began acquiring parcels of land for the Project in June 2010 and first contacted Plaintiffs concerning their Land in October 2010.

The instant dispute concerns Defendant City's attempts to acquire Plaintiff Clear Sky's Land. Specifically, Plaintiffs twice allowed Defendant City to enter and appraise the Land and its fixtures. Such appraisals were based on the Land's square footage—as opposed to pad site—value, with the second appraisal noting a higher value than the first. Defendant City, through Defendant Gillespie, selected the first appraisal and approved the Land for acquisition, as communicated to Plaintiffs through Defendant Greenhorne. Following such communication, Plaintiffs expressed concerns about the appraisals and the final value selected, posing several questions about the appraisal process. After some delay, Defendant City responded to such questions, first by email and then again by letter after Plaintiffs expressed their dissatisfaction with Defendant City's initial response.

The central issue to the parties throughout their discussions was the propriety of the appraisals. Plaintiffs repeatedly expressed concerns regarding the methods used to appraise the Land and the resulting valuations. Further, upon

learning that Defendant Copeland had reviewed the appraisals while overseeing Project negotiations and acquisition, Plaintiffs objected to the lack of an independent review appraiser.

Although the parties were primarily concerned with the appraisal, they did also apparently engage in limited discussion concerning certain relocation benefits payable to Plaintiffs. Specifically, during the parties' discussions, Plaintiffs asked Defendant City whether it would provide relocation benefits. Defendant City advised Plaintiffs that it would provide them with such benefits upon application. Defendant City further advised that no such application had been made. No further discussion or application concerning such benefits occurred.

Plaintiffs and Defendant City continued corresponding throughout November and December 2011 and into January 2012 regarding Plaintiffs' concerns with Defendant City's appraisal of Plaintiff Clear Sky's Land. On January 27, 2012,[3] Defendant City advised Plaintiffs that it calculated just compensation at $2.15 million "based on unchanged, original calculations and analysis from the" first appraisal. Defendant City's Deputy

---

[3] The Court notes that the dates provided in this section of the Complaint are inconsistent with respect to the year in which the alleged events occurred. The context of the Complaint leads to the conclusion that all events described in Paragraphs 138 through 154 of the Complaint occurred in 2012. Therefore, the Court has adjusted the dates accordingly.

City Attorney subsequently advised the Plaintiffs, through counsel, that they could appeal Defendant City's "calculation of benefits." Finally, after several months of back-and-forth discussions, Defendant City notified Plaintiffs that it would not discuss settlement nor take further action until Plaintiffs obtained their own appraisal.

On March 22, 2012, Defendant City filed a Certificate of Take in the Circuit Court for the City of Chesapeake to gain a defeasible fee interest in the Land owned by Plaintiff Clear Sky. On March 30, 2012, Defendant City issued a written demand directly to Plaintiffs requiring them to vacate and turn over possession of such Land no later than May 1, 2012.

## II.  Procedural History

On April 11, 2012, Plaintiffs removed the Certificate of Take to this Court[4] and simultaneously filed the separate instant action against Defendants, alleging that Defendants failed to comply with the federal Uniform Relocation Assistance and Real

---

[4] By Opinion and Order entered on September 5, 2012, this Court remanded the Certificate of Take back to the Circuit Court for the City of Chesapeake on the ground that this Court lacked subject matter jurisdiction over a condemnation proceeding instituted in state court and removed to federal court without a necessary federal question or individual right of action. City of Chesapeake, Va. v. Clear Sky Car Wash, LLC, No. 2:12cv195, 2012 WL 3866508 (E.D. Va. Sept. 5, 2012). In so holding, the Court specifically held that the land acquisition provisions of the URA did not create a private right of action. Id. Because the Complaint in this action alleged several violations of those provisions, the Court incorporated and referred to its prior Opinion and Order ("Remand Order") in the Dismissal Order from which Plaintiffs now seek relief.

Property Acquisitions Policies for Federal and Federally Assisted Programs Act ("URA") and, in doing so, violated Plaintiffs' statutory and constitutional rights. Plaintiffs alleged six Counts: (1) Violations of the URA; (2) Due Process Violations under the Fifth and Fourteenth Amendments to the United States Constitution; (3) Equal Protection Violations under the Fourteenth Amendment to the United States Constitution; (4) Civil Rights Violations under 42 U.S.C. §§ 1983, 1985 (conspiracy), and 1988 (attorneys' fees); (5) Breach of Contract; and (6) Equitable Estoppel. Plaintiffs sought declaratory and injunctive relief against all Defendants, as well as damages of not less than $9 million, pre- and post-judgment interest, and attorneys' fees as to all Defendants except Defendant VDOT.

All named Defendants filed motions to dismiss Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF Nos. 7, 12, 24, 29, 31. The majority of such motions also sought dismissal under Federal Rule of Civil Procedure 12(b)(1). On December 18, 2012, this Court entered an Opinion and Order, granting Defendants' motions to dismiss. ECF No. 47.

On January 16, 2013, Plaintiffs filed a Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 60(b) or, in the alternative, Motion for Leave to Amend the

Complaint pursuant to Federal Rule of Civil Procedure 15.[5] Plaintiffs' motions concern only the Court's dismissal of Count I (URA violations). ECF No. 51. Specifically, Plaintiffs contend that the Court erred in finding that they had failed to allege that they were denied non-monetary relocation assistance in violation of § 4625 of Subchapter II of the URA. Id.; see also 42 U.S.C. § 4625. Plaintiffs argue that this Court conflated the requirements of the URA and misunderstood the related allegations in the Complaint. ECF No. 51. To the extent the Court finds otherwise, Plaintiffs alternatively request permission to amend their Complaint "to add a few clarifying words" regarding Defendants' alleged violations of § 4625. ECF No. 50. All Defendants have filed responses in opposition to Plaintiffs' Motion. Defendants United States Department of Transportation ("USDOT"); Greenhorne, Copeland, Evelyn Jones, and Daniel Jones; and City and Gillespie all timely filed responses on January 21, 25, and 29, 2013, respectively. ECF Nos. 55-57. Defendant VDOT filed a late response on February 1, 2013. ECF No. 58. Plaintiffs failed to

---

[5] Plaintiffs apparently attempted to file the instant motion on January 15, 2013. ECF No. 49. However, Plaintiffs failed to file the motion itself and instead filed two copies of the accompanying Memorandum in Support of Motion for Reconsideration. ECF Nos. 49-50. Plaintiffs first filed the motion on January 16, 2013, resting on its previously filed Memorandum in Support. ECF Nos. 50-51. Plaintiffs also filed a Notice of Appeal on January 16, 2013. ECF No. 52. Plaintiffs' appeal has not yet been docketed with the Court of Appeals for the Fourth Circuit due to the pending motions before this Court. See ECF No. 54.

file any reply.  No party has requested a hearing on the pending motions.  As the time for filing has now passed, the instant motions are ripe for this Court's review.

### III. Standard of Review

#### A. Rule 60(b)

Federal Rule of Civil Procedure 60(b) permits a party to seek relief "from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b).  In order to bring an appropriate Rule 60(b) motion, "the movant must make a showing of timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." Werner v. Carbo, 731 F.2d 204, 206-07 (4th Cir. 1984) (citing Compton v. Alton Steamship Co., 608 F.2d 96, 102 (4th Cir. 1979)).  Once a movant has demonstrated the four threshold requirements, Federal Rule of Civil Procedure 60(b) lists the grounds under which a court may grant relief from a final judgment.  These grounds are:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The party seeking relief under Rule 60(b) "must clearly establish the grounds therefore to the satisfaction of the district court ... and such grounds must be clearly substantiated by adequate proof." In re Burnley, 988 F.2d 1, 3 (4th Cir. 1992) (internal citations omitted). Relief under Rule 60(b) is an "extraordinary remedy" that is to be used only in "exceptional circumstances." Compton, 608 F.2d at 102. To determine whether such exceptional relief is appropriate, the court "must engage in the delicate balancing of 'the sanctity of final judgments, expressed in the doctrine of res judicata, and the incessant command of the court's conscience that justice be done in light of [a]ll the facts." Id. (quoting Bankers Mortg. Co. v. United States, 423 F.2d 73, 77 (5th Cir. 1970), cert. denied, 399 U.S. 927 (1970)).

A Rule 60(b) motion seeking relief from a final judgment is not a substitute for a timely and proper appeal. See Ackermann v. United States, 340 U.S. 193, 198 (1950). "To the extent that a post-judgment motion s[eeks] to have the district court reconsider its prior ruling with respect to issues addressed in the district court's original order, it is clearly improper, because Rule 60(b) does not authorize a motion for reconsideration of a legal issue." CNF Constructors, Inc. v. Donohoe Const. Co., 57 F.3d 395, 400 (4th Cir. 1995) (quoting United States v. Williams, 674 F.2d 310, 312 (4th Cir. 1982)).

Additionally, "[w]here the motion is nothing more than a request that the district court change its mind ... it [also] is not authorized by Rule 60(b)." Williams, 674 F.2d at 313.

The Fourth Circuit has held that a motion under Rule 60(b) is addressed to the sound discretion of the trial judge and will not be disturbed on appeal save for a showing of abuse. See Aikens v. Ingram, 652 F.3d 496, 501 (4th Cir. 2011); see also Werner, 731 F.2d at 206. "The level of review ... becomes even more deferential where the review of the Rule 60(b) motion concerns simply matters already addressed in the final order of the district court." CNF Constructors, 57 F.3d at 401.

### B. Rule 15

Federal Rule of Civil Procedure 15 governs Plaintiffs' ability to amend the Complaint. Fed. R. Civ. P. 15. Rule 15(a)(2) provides that "a party may amend its pleadings only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). This directive "gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." Matrix Capital Mgm't Fund LP v. Bearing Point, Inc., 576 F.3d 172, 193 (4th Cir. 2009) (quoting Laber v. Harvery, 438 F.3d 404, 426 (4th Cir. 2006)). Accordingly, "leave to amend [under Rule 15(a)] should be denied only when the amendment would be prejudicial to

the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." Id.

The Fourth Circuit has "repeatedly held that a motion to amend filed after a judgment of dismissal has been entered cannot be considered until the judgment is vacated." Calvary Christian Ctr. V. City of Fredericksburg, Va., No. 12-1119, ___ F.3d ___, 2013 WL 1019388, at *2 (4th Cir. Mar. 15, 2013) (citing cases); see also Katyle v. Penn Nat. Gaming, Inc., 637 F.3d 462, 470 (4th Cir. 2012) ("[A] district court may not grant a post-judgment motion to amend the complaint unless the court first vacates its judgment pursuant to Fed. R. Civ. P. 59(e) or 60(b)."). However, this standard appears to have little effect on the obligations of a district court when analyzing a post-judgment motion to amend under Rule 15(a). Specifically, "[t]o determine whether vacatur is warranted ... the court need not concern itself with either [Rule 59(e) or 60(b)'s] legal standards. The court need only ask whether the amendment should be granted, just as it would on a prejudgment motion to amend pursuant to Fed. R. Civ. P. 15(a)." Katyle, 637 F.3d at 471. Put another way, "a court should evaluate a post[-]judgment motion to amend the complaint 'under the same legal standard as a similar motion filed before judgment was entered—for prejudice, bad faith, or futility.'" Id. (quoting Laber, 438 F.3d at 427). The court may not summarily "deny a motion to

amend simply because it has entered judgment against the plaintiff, be it a judgment of dismissal, a summary judgment, or a judgment after trial on the merits." 6 Charles Alan Wright et al., Federal Practice and Procedure § 1489 at 814 n.1 (3d ed. 2010) (citing Laber, 438 F.3d 404). Thus, although "a district court must vacate its judgment pursuant to Rule 59(e) or [Rule] 60(b) prior to granting a post-judgment leave to amend a complaint, '[a] conclusion that the district court abused its discretion in denying a motion to amend ... is sufficient grounds on which to reverse the district court's denial of a Rule 59(e)[, and presumably also a Rule 60(b),] motion.'" Logar v. West Virginia Univ. Bd. of Governors, 493 Fed. App'x 460, 463 (4th Cir. 2012) (unpublished) (quoting Laber, 438 F.3d at 427-28)).

## IV. Analysis

Plaintiffs move first for relief under Rule 60(b) from the December 18, 2012 Dismissal Order as to Count I and then, in the alternative, for leave to amend Count I and the related factual allegations under Rule 15. Accordingly, the Court first addresses Plaintiffs' Rule 60(b) motion before considering whether to grant Plaintiffs leave to amend under Rule 15(a)(2).

### A. Motion for Reconsideration under Rule 60(b)

To be eligible for Rule 60(b) relief, Plaintiffs must first establish that their request for such relief was timely made,

based on "a meritorious defense," will not result in "unfair prejudice to the opposing party," and is justified by "exceptional circumstances." Dowell v. State Farm Fire & Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993) (quoting Werner, 731 F.2d at 207). Once such a showing is made, the movant "must [then] satisfy one of the six specific sections of Rule 60(b)." Id. Defendants unanimously contend that Plaintiffs have failed to show that they have a meritorious defense to the Court's Dismissal Order, that relief under Rule 60(b) would not unfairly prejudice Defendants, and that exceptional circumstances justify such relief in this case.[6]

### 1.    Meritorious Claim or Defense

The first threshold condition to relief under Rule 60(b) requires the movant to show that he has a meritorious claim or defense. Dowell, 993 F.2d at 48. This condition is designed to ensure "that granting [the] relief [sought] will not in the end have been a futile gesture." Boyd v. Bulala, 905 F.2d 764, 769

---

[6] Defendants do not contend that Plaintiffs failed to timely seek relief under Rule 60(b). Rule 60(c)(1) establishes the timing requirements for motions filed pursuant to Rule 60(b) and requires only that "[a] motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Plaintiffs filed the instant motion twenty-nine (29) days after this Court's entry of the Dismissal Order. Because no party challenges the timeliness of Plaintiffs' motion and because Plaintiffs' filed less than one month after the entry of judgment, the Court finds Plaintiffs' motion to be timely. This is especially true in light of the intervening court holidays between the entry of judgment and Plaintiffs' filing.

(4th Cir. 1990) (citing 11 Wright & Miller, Federal Practice and Procedure: Civil § 2857 at 161 (1973)). Accordingly, the Fourth Circuit has held that a "meritorious defense requires a proffer of evidence which would permit a finding for the [moving] party...." Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 812 (4th Cir. 1988) (citing Cent. Operating Co. v. Util. Workers of Am., 491 F.2d 245, 252 n.8 (4th Cir. 1974)) (considering the meritorious defense requirement of Rule 60(b) in the context of a motion for relief from default judgment). The movant "is not required to establish a meritorious defense by a preponderance of the evidence[,] ... the mere assertion of facts constituting a meritorious defense in an original complaint" may be sufficient. Cent. Operating, 491 F.2d at 252 n.8 (citing Tolson v. Hodge, 411 F.2d 123, 130 (4th Cir. 1969)) (same).

Here, Plaintiffs contend only that this Court conflated the requirements of the URA's various provisions and, based on a misunderstanding of such provisions, misread the related factual allegations in the Complaint. Thus, Plaintiffs' argument takes issue, primarily, with the Court's legal analysis and then with its reading of the minimal facts included in the Complaint concerning non-monetary relocation assistance. The Court has already considered whether the Complaint was sufficiently pled to survive a motion to dismiss and has concluded that it was

14

not.[7]   Reviewing Plaintiffs' Motion for Reconsideration under Rule 60(b), the Court finds that Plaintiffs' arguments do nothing more than rehash issues specifically addressed and resolved in this Court's Dismissal Order.  Plaintiffs' arguments have no more merit now than they did then.  Furthermore, Rule 60(b) does not authorize a district court to reconsider its prior ruling with respect to issues addressed in that court's

---

[7] Federal Rule of Civil Procedure 8(a)(2) required Plaintiffs to set forth "a short and plain statement of the[ir] claim showing that the[y] … [were] entitled to relief." Fed. R. Civ. P. 8(a)(2).  To satisfy their obligation under Rule 8(a)(2), Plaintiffs were required to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (emphasis added).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  The Court considered the entirety of Plaintiffs' 229-paragraph Complaint and found only four paragraphs containing factual allegations related to relocation assistance.  Dismissal Order at 37 n.16, ECF no. 47 (citing Compl. ¶¶ 128, 144-46).  Plaintiffs cite one additional paragraph in support of their contention that they alleged a claim for denial of non-monetary relocation assistance. ECF No. 50 (citing Compl. ¶ 109).  To the extent the Court's prior holding was unclear, the Court reiterates that the thrust of Plaintiffs' Complaint, as well as all of the briefings concerning the motions to dismiss, concerned the propriety of Defendant City's appraisal of Clear Sky's Land.  The Complaint clearly alleged several purported violations of the URA based on the appraisal and the valuation of the Land. See Compl. ¶ 190.  The Complaint then requested (in the Prayer for Relief) specific findings concerning the appraisal and the Plaintiffs' related rights under the URA.  None of these claims or requests for relief stated, or even suggested, that Defendants had failed to provide non-monetary relocation assistance.  In viewing the Complaint as a whole, the Court found that "none of the pleaded facts address[ed] non-monetary assistance under § 4625." Dismissal Order at 38 n.16, ECF No. 47.  In so holding, the Court specifically rejected the summarily cited provisions of § 4625's corresponding regulations as sufficient to provide the factual basis for a plausible claim to relief under § 4625, stating that "the Court is not bound by legal conclusions set forth in the Complaint." Id. at 38 n.17 (citing Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000)).

original order.   CNF Constructors, 57 F.3d at 400 (quoting Williams, 674 F.2d at 312) ("Rule 60(b) does not authorize a motion for reconsideration of a legal issue.").   A request for the district court to "change its mind" is also not a meritorious claim or defense under Rule 60(b).   Williams, 674 F.2d at 313. "It is a well settled principle of law that a Rule 60(b) motion seeking relief from a final judgment is not a substitute for a timely and proper appeal." Dowell, 993 F.2d at 48.

Plaintiffs' grounds for seeking post-judgment relief not only constitute improper requests for the Court to change its mind, but, even if the Court were authorized (or even inclined) to reconsider its prior analysis, relief under Rule 60(b) would ultimately be "a futile gesture." Boyd, 905 F.2d at 769. In its Dismissal Order, this Court specifically held that Subchapter II—including § 4625—does not create a federal right of action. Dismissal Order at 30, ECF No. 47.   Thus, Plaintiffs now seek leave to pursue a cause of action (violation of § 4625 and its related regulations) that the Court has already determined does not exist.   Accordingly, awarding Plaintiffs the relief they seek would be nothing more than a futile gesture, as it would not "permit a finding for the [moving] party...." Augusta Fiberglass Coatings, 843 F.2d at 812. Plaintiffs' request for such relief, therefore, does not present the Court with a

meritorious claim or defense against its prior Dismissal Order. Accordingly, Plaintiffs have failed to satisfy the first threshold requirement for relief under Rule 60(b).[8]

### 2.   Grounds for Relief under Rule 60(b)

Even if the Plaintiffs' allegations were sufficient to meet the threshold requirement of establishing a meritorious claim or defense, such allegations fail to show that Plaintiffs are entitled to relief under Rule 60(b). Plaintiffs' Motion for Reconsideration does not specify which subsection of Rule 60(b) they are invoking. ECF No. 51. Based on the grounds set forth in Plaintiffs' Memorandum in Support of Motion for Reconsideration, it is clear that Rules 60(b)(2), (3), and (5) are not at issue. Neither do Plaintiffs' arguments, as reviewed above, implicate Rule 60(b)(4), which allows relief from judgment if "the judgment is void." Fed. R. Civ. P. 60(b)(4). A judgment is "void" for purposes of Rule 60(b)(4) "only if the court rendering the decision lacked personal or subject matter jurisdiction or acted in a manner inconsistent with due process of law." Wendt v. Leonard, 431 F.3d 410, 412 (4th Cir. 2005). However, "voidness" is narrowly construed and generally requires an egregious error before relief under Rule 60(b)(4) is

---

[8] Because Plaintiffs have failed to meet the first threshold requirement under Rule 60(b)—a meritorious claim or defense—the Court does not address whether Plaintiffs established a lack of prejudice to defendants (a point the parties apparently dispute). For ease of reference, the Court will discuss the exceptional circumstances requirement below, in its discussion of Rule 60(b)(6).

appropriate.   Id. at 413 (citing United States v. Tittjung, 235 F.3d 330, 335 (7th Cir. 2000)).   Plaintiffs do not allege that any such error occurred, but instead suggest that this Court mistakenly arrived at the conclusion that Plaintiffs failed to allege a claim for non-monetary relocation assistance under § 4625 of the URA.   Thus, the only potentially applicable grounds for relief in this case are Rules 60(b)(1) and (6).

Rule 60(b)(1) provides relief from a final judgment based on "mistake, inadvertence, surprise, or excusable neglect." Rule 60(b)(1).   The Fourth Circuit has acknowledged that "[i]n certain limited circumstances, the word 'mistake' in Rule 60(b) has indeed been read to include mistakes by the Court." Williams, 674 F.2d at 313 (citing Tarkington v. United States Lines Co., 222 F.2d 358 (2d Cir. 1995)).   However, relief under this subsection of Rule 60(b)(1) is not appropriate "merely because a party is unhappy with the judgment."   11 Wright et al., supra, § 2858 at 346-47.   Allegations of mistakes by the Court designed to convince "the district court [to] change its mind" are not cognizable under Rule 60(b).   Id.   Accordingly, Plaintiffs' arguments that the Court mistakenly read the URA and misunderstood their allegations in the Complaint are insufficient to support relief under Rule 60(b)(1).

Likewise, Plaintiffs fail to show that they are entitled to relief under Rule 60(b)(6), which authorizes the Court to

relieve Plaintiffs from its Dismissal Order for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Subsection 6 is the "catchall" provision of Rule 60(b). Aikens, 652 F.3d at 500. While the provision itself "includes few textual limitations," the Fourth Circuit has held that the provision's "context requires that it may be invoked in only 'extraordinary circumstances' when the reason for relief does not fall within the listed reasons given in Rule 60(b)(1)-(5)." Id. The Fourth Circuit, sitting en banc, has emphasized that "[t]his very strict interpretation of Rule 60(b) is essential if the finality of judgments is to be preserved." Id. at 501 (quoting Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 873 (1988) (Rehnquist, C.J., dissenting)). "[I]f the reason asserted for the Rule 60(b)(6) motion could have been addressed on appeal from the judgment, ... the motion [i]s merely an inappropriate substitute for an appeal." Id. (citing Dowell, 993 F.2d at 48). The extraordinary circumstances required to justify relief under Rule 60(b)(6) are thus lacking when the movant seeks relief based only on the claim that "the district court erred in dismissing [the] action...." Id. at 502. "It is the office of appeal that is designed to correct perceived errors," not the province of the district court under Rule 60(b)(6). Thus, Plaintiffs' contentions that this Court erred in interpreting the URA and further erred in applying the

URA to those factual allegations made in the Complaint are insufficient to support relief under Rule 60(b)'s catchall provision. They are more appropriately the subject of an appeal.

In sum, the Court finds that Plaintiffs, as the movants for relief under Rule 60(b), have failed to "clearly establish the grounds" entitling them to such relief. In re Burnley, 988 F.2d at 3. The only grounds alleged—the perceived errors of this Court—do not present a meritorious claim or defense to the Dismissal Order, nor do they support relief under either Rule 60(b)(1) or 60(b)(6). Instead, such grounds amount to nothing more than an improper request that this Court change its mind. See Williams, 674 F.2d at 313. Plaintiffs' perceived errors are more appropriately the subject of an appeal, and Rule 60(b) is not a substitute for a timely and proper appeal. See Ackermann, 340 U.S. at 198. For these reasons, as fully stated above, the Court will deny Plaintiffs' Motion for Reconsideration under Rule 60(b).

## B. Alternative Motion to Amend under Rule 15

In addition to their Motion for Reconsideration under Rule 60(b), Plaintiffs have alternatively sought leave to amend their Complaint under Rule 15 "to add a few clarifying words" for the purposes of "dispel[ing] any possible confusion regarding the allegation (and actual fact) that Defendants declined to provide

the required relocation assistance." ECF No. 50 at 2, 5. As noted above, this Court cannot grant a post-judgment motion to amend the Complaint unless the Court first vacates its judgment pursuant to either Federal Rule of Civil Procedure 59(e) or 60(b). See Calvary Christian Ctr., 2013 WL 1019388, at *2; Katyle, 637 F.3d at 470. Although the Court has already determined that vacatur under Rule 60(b)—the only ground sought in this case—is not warranted, this fact does not support a summary denial of Plaintiffs' alternative motion to amend. Instead, despite its holding with respect to Plaintiffs' Motion for Reconsideration, the Court is required to evaluate the post-judgment motion to amend "under the same legal standard as a similar motion filed before judgment was entered—for prejudice, bad faith, or futility." Katyle, 637 F.3d at 471 (quoting Laber, 438 F.3d at 427).

Rule 15(a)(2) permits a party to "amend its pleadings only with the opposing party's written consent or the court's leave" and requires the court to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Despite the directive's clear policy favoring amendment, "leave to amend should be denied ... when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." Matrix Capital Mgm't Fund, 576 F.3d at 193. An amendment is futile "if the

proposed amended complaint fails to state a claim under the applicable rules and accompanying standards," that is, "'if the proposed amended complaint fails to satisfy the requirements of the federal rules.'" Katyle, 637 F.3d at 471 (quoting United States ex re. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 376 (4th Cir. 2008)).

As noted above, Plaintiffs seek leave from this Court—under both Rule 60(b) and Rule 15—to pursue a claim that this Court has already held does not exist. Specifically, Plaintiffs ask the Court to find that they "did allege violation of relocation assistance provisions under URA Section II" and, to the extent the Court finds that these allegations were not "sufficiently clear," that it further grant Plaintiffs leave to amend Count I. Count I purports to allege a cause of action against Defendants for violating the URA. In its Dismissal Order, this Court considered, at length, whether the URA provides for such a private right of action. ECF No. 47 at 20-33. The Court incorporated the findings from its Remand Order concerning the land acquisition policies, set forth in Subchapter III of the URA, and again found that "the URA does not provide for a federal right of action under the land acquisition policies of § 4651, either by federal agencies or as incorporated against the states via § 4655." ECF No. 47 at 23. The Court went on to consider whether Subchapter II of the URA, which provides for

certain monetary and <u>advisory relocation assistance</u>, created such a private cause of action and concluded that it did not. <u>Id.</u> at 24-33. The Court specifically held "that the URA does not provide for a federal right of action under the relocation assistance policies of Subchapter II." <u>Id.</u> at 31. "Although Subchapter II does set forth certain relocation assistance benefits, it does not create a private remedy." <u>Id.</u> (citing <u>Alexander v. Sandoval</u>, 532 U.S. 275, 286 (2001)). In light of the Court's holding that Subchapter II of the URA does not create a private right of action, Plaintiffs' request to amend their Complaint to pursue a cause of action under Subchapter II is futile. Accordingly, the Court will deny Plaintiffs' alternative Motion to Amend under Rule 15.

### V. Conclusion

For the reasons stated above, Plaintiffs' Motion for Reconsideration under Rule 60(b) and alternative Motion to Amend under Rule 15 are **DENIED**. The Clerk is **DIRECTED** to forward a copy of this Order to all counsel of record and to the Clerk of the Court of Appeals for the Fourth Circuit.

**IT IS SO ORDERED.**

/s/ ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

Mark S. Davis
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
April 11, 2013